## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FILED

NOV 8 - 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| JOHN FLYNN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAMS MASONRY<br><br>and<br><br>THOMAS WILLIAMS,<br>SOLE PROPRIETOR,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civ. Action No. 03-1616 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM OPINION
(November ___, 2005) [#6]

Plaintiffs in this action are trustees of the Bricklayers & Trowel Trades International Pension Fund ("IPF"), an "employee benefit plan" and "multiemployer plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(2), (37). Plaintiffs have brought this action against Thomas Williams individually, and Williams Masonry (collectively referred to as "defendants"), seeking to collect employer contributions owed to the fund by the defendants. The matter is presently before the Court on plaintiffs' Motion for Entry of Default Judgment. Upon due consideration of the materials before the Court and the entire record herein, plaintiffs' motion is GRANTED.

## ANALYSIS

Plaintiffs filed the Complaint in this matter on July 30, 2003. Defendants were duly served, but they have failed to file a responsive pleading. As a result, the Clerk of the Court entered their default on March 31, 2005. Plaintiffs have now moved this Court to enter a default judgment against the defendants pursuant to Federal Rule of Civil Procedure 55(b)(2).

A court is empowered to enter a default judgment against a defendant who fails to defend its case. *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 275 (D.C. Cir. 1980). Rule 55(b)(2) authorizes the Court to enter a default judgment against the defendant for the amount claimed plus costs. Fed. R. Civ. P. 55(b)(2). While modern courts do not favor default judgments, they are certainly appropriate "when the adversary process has been halted because of an essentially unresponsive party." *Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980).

A default judgment establishes the defaulting party's liability for the well-plead allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). A default judgment, however, does not automatically establish liability in the amount claimed by the plaintiff. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). "[U]nless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (nothing that the court may conduct a

hearing on the issue of damages pursuant to Federal Rule of Civil Procedure 55(b)(2), but it need not do so if there is "a basis for the damages specified in the default judgment").

The only issue before the Court in this case is the amount of damages owed by the defendants to the plaintiffs. *See Jackson*, 636 F.2d at 835 (noting that a default judgment establishes the defaulting party's liability when the plaintiff presents a prima facie case to which the defendants are "essentially unresponsive"). Plaintiffs seek damages in the amount of $11,795.55. *See* Mot. Entry Default J., Attach. 2 (David F. Stuper Decl.) at 8. In support of this figure, plaintiffs have submitted affidavits from David Stupar, Executive Director of the pension fund, and from Ira Mitzner, counsel of record for plaintiffs, each setting forth with specificity the calculations used to reach this amount. The damage figure provided by plaintiffs was based on contributions that defendants failed to submit for work performed pursuant to the collective bargaining agreement, as well as interest, fees, and costs that the plaintiff is entitled to collect under ERISA. *See* ERISA § 502(g)(2)(A) (delinquent contributions); § 502(g)(2)(b) (interest); § 502(g)(2)(C)(i) (additional interest); § 502(g)(2)(D) (court costs and attorney's fees).

Based upon these affidavits, and the entire record herein, the Court agrees with the damage calculation submitted by the plaintiffs. Accordingly, the Court concludes that damages should be paid to plaintiffs as follows:

- $2,106.16 for delinquent contributions payable to the IPF and the International Union of Bricklayers and Allied Craftoworkers International Masonry Institute ("IMI") for work performed in Local 6 OH and 7 OH;
- $3,610.21 for interest payable on the delinquent contributions due the IPF and IMI, calculated from the due date at the rate of 15 percent per annum;
- $3,610.21 for an additional computation of interest assessed on delinquent

contributions due the IPF and IMI, calculated from the due date at the rate of 15 percent per annum;

- $467.87 for delinquent dues checkoff due the International Union of Bricklayers and Allied Craftworkers for work performed in Local 35 PA;
- $647.03 for interest assessed on delinquent dues checkoff at the rate of 15 percent per annum;
- $150.00 for the U.S. District Court filing fee;
- $187.07 for the service of process fee;
- $1,020.00 for attorney's fees.

## CONCLUSION

For the foregoing reasons, the Court grants the plaintiffs' Motion for Default Judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued herewith.

RICHARD L. LEON
United States District Judge

4