IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| JOHN FLYNN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. Action No. 03-1616 (RJL) |
| ) | |
| WILLIAMS MASONRY, *et al.* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(August 18, 2006) [#9]

Plaintiffs in this action are trustees of the Bricklayers & Trowel Trades International Pension Fund ("the Fund"), an "employee benefit plan" and "multiemployer plan" within the meaning of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1002(2), (37). Plaintiffs brought this action against Thomas Williams individually, and Williams Masonry (collectively referred to as "defendants"), seeking to collect employer contributions owed to the fund by the defendants. This matter is now before the Court on plaintiffs' Motion to Alter or Amend the Court's Judgment Granting Plaintiffs' Motion for Default Judgment ("plaintiffs' Motion"). Upon due consideration of the materials before the Court and the entire record herein, plaintiffs' motion is GRANTED.

### BACKGROUND

Plaintiffs filed the Complaint in this matter on July 30, 2003. Though defendants were duly served, they failed to file a responsive pleading. As a result, on March 31, 2005, the Clerk of the Court entered default on plaintiffs' behalf. On May 31, 2005, plaintiffs

moved in this Court for entry of default judgment, and on November 4, 2005, the Court granted plaintiffs' motion pursuant to Federal Rule of Civil Procedure 55(b)(2).[1] Plaintiffs now move to alter or amend the Court's November 4, 2005 Judgment, arguing that, while the Court did grant plaintiffs the damages they requested in their Motion for Entry of Default Judgment (Docket Entry #6), the Court failed to address plaintiffs' additional request for injunctive relief.[2] Specifically, plaintiffs' sought, and continue to seek, an injunction compelling defendants to (1) permit the Fund to audit defendants' books and records for the period of June 1996 to the present to determine whether additional contributions, dues checkoff, and/or related amounts are owed to the Fund by defendants; (2) pay to the Fund any additional amounts that the audit determines are due; and (3) comply with their reporting and contribution obligations under the collective bargaining agreement. (Pls.'s Mot. at 1-2; Pls.'

---

[1] In its November 4, 2005 Final Judgment, the Court mistakenly granted plaintiffs $187.07 for reimbursement of their service of process fee. In their original Motion for Entry of Default Judgment ("Motion for Default Judgment"), plaintiffs only asked for, and submitted documentation in support of, an award of $184.07. The Supplemental Final Judgment issued with this Memorandum Opinion will correct for this error.

[2] Federal Rule of Civil Procedure 59(e) explicitly provides that a motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. Fed. R. Civ. P. 59(e). In this case, plaintiffs filed their Motion to Alter or Amend the Court's Judgment twenty calendar days, or eleven business days, after the Court entered default judgment against defendants. *See* Fed. R. Civ. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). While the Court has "considerable discretion in ruling on a Rule 59(e) motion[,]" *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 421 (D.D.C. 2004), it does not have discretion to grant a party additional time to file such a motion, *see Derrington-Bey v. D.C. Dep't of Corr.*, 39 F.3d 1224, 1225 (D.C. Cir. 1994). Federal Rule of Civil Procedure 60(a), however, does allow a court to correct a clerical mistake in judgment due to oversight or omission "at any time of its own initiative or on the motion of any party." Fed. R. Civ. P. 60(a). Because the failure to address plaintiffs' request for injunctive relief was an oversight or omission by the Court and not by plaintiffs, the Court may address plaintiffs' Motion.

Mot. for Entry of Default J. & Incorporated Mem. in Supp. Thereof ("Pls.' Mot. for Default J.").)

## DISCUSSION

The Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendment Act of 1980, both codified at 29 U.S.C. §§ 1001 *et seq.*, provides for federal regulation of employee welfare and benefit pension plans. As our Circuit has recognized, these statutes also provide jurisdiction in the federal district court to enforce rights and liabilities under the statutes, as well as to enforce rights under the contractual terms of a plan. *Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Constr. Co., Inc.*, 767 F.2d 1170, 1171 (D.C. Cir. 1985) (citing 29 U.S.C. § 1132).

Among the powers that Congress delegated to district courts in ERISA actions involving delinquent contributions is the power to award the plan, *inter alia*, unpaid contributions, interest on unpaid contributions, liquidated damages, reasonable attorney's fees, and/or litigation costs. *See* 29 U.S.C. § 1132(g)(2)(A)-(D). Most importantly for our purposes here, however, is Congress's delegation of the broad discretionary power to award fiduciary plaintiffs "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E).

Having evaluated the relevant law and reexamined the declarations and other submissions provided by the plaintiffs in conjunction with their original Motion for Default Judgment, the Court concludes that plaintiffs' requested relief is in fact appropriate. *See e.g.*,

*Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 70 (D.D.C. 2002) ("ERISA authorizes the court to provide for other legal or equitable relief as the court deems appropriate. This relief can include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records." (internal citations omitted)). While the damages awarded by the Court pursuant to its November 8, 2005 Judgment do redress the delinquency owed by defendants for those few months in which the defendants filed monthly reports with the Fund, those damages do not address the delinquency believed to exist for the many months that defendants never filed reports with the Fund. The Court agrees with plaintiffs' contention: An audit must be undertaken in order to ascertain the delinquency owed for these months. Accordingly, pursuant to the discretionary authority granted it under 29 U.S.C. § 1132(g)(2)(E), the Court GRANTS plaintiffs' Motion to Alter or Amend the Court's Judgment Granting Plaintiffs' Motion for Default Judgment. An appropriate Order will issue with this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge